**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER LYNN MCLENDON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **VS.** | : | |
| | : | **CIVIL No: 7:12-CV-00154-HL -TQL** |
| **OFFICER JOSH SMITH, et. al.,** | : | |
| | : | **PROCEEDINGS UNDER 42 U.S.C. §1983** |
| **Defendants.** | : | **BEFORE THE U. S. MAGISTRATE JUDGE** |

## ORDER & RECOMMENDATION

Plaintiff Christopher Lynn McLendon, a pre-trial detainee at the Pelham City Jail, has filed a *pro se* civil rights complaint under 42 U.S.C. §1983.  Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," the district court is required to conduct a preliminary screening of his Complaint. See 28 U.S.C. § 1915A(a). Having now done so, the undersigned finds that it would be premature to dismiss Plaintiff's Eighth Amendment claims against Officers Smith and Clark at this stage.  It is **RECOMMENDED**, however, that Defendant Sergeant Drawdy be **DISMISSED** from this action pursuant to 28 U.S.C. § 1915A(b)(1).

### STANDARD OF REVIEW

When conducting a preliminary review under § 1915A, the district court must accept all factual allegations in the Complaint as true.  Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004).  Pro se pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).  Nonetheless, a district court is still required dismiss a prisoner complaint after the initial review if the complaint (1) "is frivolous, malicious, or fails to state a claim

1

upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b); see also 28 U.S.C. §1915(2)(B) (requiring the same of prisoners proceeding *in forma pauperis*).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). The "factual allegations must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." Id. In other words, the complaint must allege "enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. Id. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

To state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming court's dismissal of a § 1983 complaint because factual allegations were insufficient to support alleged constitutional violation); see also 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not meet standard in § 1915A "shall" be dismissed).

## ANALYSIS OF CLAIMS

The present action arises out of an alleged assault on Plaintiff Christopher Lynn McLendon at the Thomas County Jail. The Complaint alleges that Defendant Officer Smith sprayed Plaintiff multiple times with pepper spray without cause or provocation. Defendant Officer Clark was allegedly present "the entire time" and later escorted Plaintiff to "the hole." Sergeant Drawdy

2

assisted Officer Clark in escorting Plaintiff and refused to provide Plaintiff with a grievance form.

Accepting these allegations true, the undersigned cannot find that Plaintiff's Eighth Amendment claim against Officer Smith is frivolous. The allegations, if proven, may in fact support a claim for relief under § 1983. The Eighth Amendment clearly "prohibits the unnecessary and wanton infliction of pain, . . the infliction of pain totally without penological justification ..., [and] the infliction of punishment grossly disproportionate to the severity of the offense." Ort v. White, 813 F.2d 318, 321 (11th Cir.1987). Though it is not yet clear whether Officer Clark had an opportunity to intervene during the assault, Plaintiff's Eighth Amendment claims against him will also be permitted to go forward for further factual development. See Byrd v. Clark, 783 F.2d 1002, 1007 (11th Cir. 1986) ("If a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable under Section 1983.").

It is thus **ORDERED** that service be made on both Defendants Smith and Clark and that they file an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

Plaintiff's Complaint, however, does not include allegations linking Sergeant Drawdy to any alleged constitutional violation. Plaintiff's only allegation against Sergeant Drawdy is that she refused to provide him with a grievance form after the incident. Plaintiff is thus advised that prisoners have no constitutionally-protected liberty interest in an inmate grievance procedure. See Dunn v. Martin, No. 04–03566, 2006 WL 1049403, at * 2 (11th Cir. Apr.21, 2006); see also Baker

v. Rexroad, 159 Fed. Appx. 61, 62 (11th Cir.2005).  Therefore, a prison official's failure to provide

an inmate with a grievance form is not actionable under § 1983.   In the same way, Sergeant

Drawdy's apparent show of support for Officer Smith after-the-fact and failure to assist Plaintiff in

reporting the incident does not create a cognizable claim.  See Wright v. City of Ozark, 715 F.2d

1513, 1516 (11th Cir. 1983) (failure to investigate an accident/incident, without more, does not

violate any constitutional rights).

For these reasons, it is **RECOMMENDED** that Plaintiff's claims against Sergeant Drawdy

be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A(b)(1).  Plaintiff may serve and

file written objections to this recommendation with the district judge to whom this case is assigned

within fourteen (14) days after being served a copy of this Order.  See 28 U.S.C. § 636(b)(1).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all

opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the

Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the

possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for

failure to prosecute.  Defendants are similarly advised that they are expected to diligently defend

all allegations made against them and to file timely dispositive motions as hereinafter directed.  This

matter will be set down for trial when the Court determines that discovery has been completed and

that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.  If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff.  Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.  Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with her custodian.  Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of her lawsuit under Rule 37 of the Federal Rules of Civil Procedure.

It is hereby **ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court.  This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first).  The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party is required to respond to any request which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the Court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

As previously ordered, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county where he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

Collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against her prior to the collection of the full filing fee.

**PLAINTIFF'S OBLIGATION TO PAY FILING FEE**

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, she shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. Plaintiff's Complaint is subject to dismissal if she has the ability to make monthly payments and fails to do so.

SO ORDERED, this 13th day of December, 2012.


*s/THOMAS Q. LANGSTAFF*
UNITED STATES MAGISTRATE JUDGE

jlr